

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXX~~WILL WILSON~~XX
ATTORNEY GENERAL

Honorable W. O. Reed, Chairman
Appropriations Committee
House of Representatives
Austin, Texas

Dear Sir:

Opinion No. O-3245
Re: Authority of Legislature to appropriate
from State Highway Fund to pay judgment
obtained by W. S. Hale and wife against
the State of Texas.

Your letter of March 6th, 1941, requests the opinion of this Department
upon the question whether the Legislature may appropriate from the State
Highway Fund moneys to pay the judgment rendered against the State of Texas
in the case of W. S. Hale, et ux, vs. The State of Texas, et al.

It appears that the 42nd Legislature, at its Regular Session in 1931, in
Senate Bill No. 197, granted permission to W. S. Hale and Wife, Mary D.
Hale, to use the State of Texas and the State Highway Commission for
damages occasioned to the lands belonging to the Hales, by reason of the
construction of State Highway No. 43 in such manner as to over flow and
otherwise damage the Hale land. Suit was filed and judgment rendered for
the Hales against the State of Texas. (See State v. Hale (Texas) 146 S. W.
(2d) 731)

No reason occurs to us, and none has been suggested, why the Legislature
may not appropriate from the State Highway Fund to pay this judgment. The
State Highway Fund is available for the payment of the expenses incident
to the establishment, construction and maintenance of State Highways. "The
State has vested in the State Highway Commission full authority, and
charged it with the duty to designate, lay out and construct public high-
ways. It has the right, as the agent of the State, to take, damage or
destroy private property for public use. This right has been guaranteed by
our Constitution. Public Roads are a great public convenience, and, if
necessary to carry out plans for the completion of a public road, private
property may be totally or partially taken or damaged to accomplish that
purpose. This carries with it the power, if need be, that a servitude may
be created on land not actually taken or occupied by the public highway,
for the purpose of carrying off the water, the natural flow of which is
changed or diverted by the construction of such highway." (State v. Hale,
supra) It is clear that the compensation of persons for property "taken"

Honorable W. O. Reed, page #2    (0-3245)


for public highway purposes, as in the Hale case, is an expense incident to the establishment, construction and maintenance of State Highways. No question, therefore, can arise as to the appropriation being an unconstitutional diversion of a special fund. The application of a portion of the fund to the satisfaction of this judgment is but the application of that portion of the fund to one of the very purposes for which the fund was created.

You are advised that, in our opinion, the Legislature has the power to appropriate from the State Highway Fund moneys to pay the judgment rendered against the State of Texas in the case of W. S. Hale, et ux, v. The State of Texas, et al.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

s/ Richard W. Fairchild


By
　Richard W. Fairchild
　Assistant

RWF:ep/ldw

APPROVED MAR. 10, 1941
s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY B. W. B.
CHAIRMAN